1  Kevin D. Smith (State Bar No. 113633)
   ksmith@wshblaw.com
2  Peter J. Burfening Jr. (State Bar No. 199190)
   Pburfening@wshblaw.com
3  Andrew B. Kleiner (State Bar No. 276737)
   akleiner@wshblaw.com
4  **WOOD, SMITH, HENNING & BERMAN LLP**
   501 West Broadway, Suite 1200
5  San Diego, California 92101
   Phone: 619-849-4900 ♦ Fax: 619-849-4950
6
7  Attorneys for Defendant WALMART INC., erroneously sued as WAL-MART STORES, INC.; WAL-MART STORE #2479; SAN DIEGO WALMART SUPERCENTER
8

9            **UNITED STATES DISTRICT COURT**

10           **SOUTHERN DISTRICT OF CALIFORNIA**

11  FNU SALEHA and MUHAMMAD         Case No. 3:18-cv-00897-CAB-BLM
    WALI,
12                                  **DEFENDANT WALMART INC.'S**
          Plaintiffs,               **MEMORANDUM OF POINTS AND**
13                                  **AUTHORITIES IN SUPPORT OF ITS**
       v.                           **MOTION TO COMPEL PLAINTIFF FNU**
14                                  **SALEHA'S RESPONSES TO WRITTEN**
    TRISTAR PRODUCTS, INC.; WAL-    **DISCOVERY**
15  MART STORES, INC.; WAL-MART
    STORE #2479, SAN DIEGO          Magistrate:  Hon. Linda Major
16  WALMART SUPERCENTER; and        Trial Date:      2/24/20
    DOES 1 through 50, inclusive,
17
          Defendants.
18

19  **I.      INTRODUCTION AND PROCEDURAL HISTORY**

20          Defendant Walmart Inc. ("Walmart") respectfully moves this court for an order compelling

21  Plaintiff Fnu Saleha's verified responses to Special Interrogatories, Set One and to produce all non-

22  privileged documents demanded in Request for Production of Documents, Set One.

23  **II.     FACTS**

24          This is a products liability case involving a PowerCooker pressure cooker sold by Walmart to

25  Plaintiffs.   Plaintiff Fnu Saleha alleges she was burned and electrocuted when she used the

26  PowerCooker which caused her to suffer damages.

27          Plaintiffs filed their Complaint on November 21, 2017, in San Diego Superior Court. On May

28  9, 2018, Walmart removed the case to Federal Court in the Southern District of California under

LEGAL:10468-0056/10761648.1                           Case No. 3:18-cv-00897-CAB-BLM

1   diversity of citizenship jurisdiction. *See* Doc. 1.  On June 21, 2018, this Court entered the Scheduling

2   Order (See Doc 9) permitting fact discovery to commence.  Thereafter, Walmart served Special

3   Interrogatories, Set one and Request for Production of Documents, Set One on Plaintiff on October

4   10, 2018, seeking relevant and discoverable information relating to the incident that is the subject of

5   this action, her treatment, and discoverable documents related thereto.  Plaintiff's responses were due

6   on November 13, 2018—to date no responses have been served despite repeated attempts to meet and

7   confer and/or attempts to obtain responses and documents.  Kleiner Decl. ¶ 2.

8       Walmart has tirelessly tried to meet and confer with Plaintiff, albeit unsuccessfully.  On

9   December 17, 2018 Walmart sent an email to Plaintiff informing her that her responses were tardy and

10  that failure to respond resulted in the waiver of any objections she might have raised in response.  *See*

11  Kleiner Decl. ¶ 3, see also **Exhibit A**.  This email outlined the legal authorities supporting Walmart's

12  position, invited Plaintiff to call to further meet and confer, and extended the due date for serve

13  responses without objections until January 4, 2019.  See **Exhibit A**.  The following day Plaintiff's

14  counsel responded indicating he had several unanticipated events leaving him behind on several cases

15  and he would be working through the holidays on all of his case, but failed to state if he would be

16  serving responses.  See **Exhibit B**.  When January 4, 2019 arrived, there had been no other

17  correspondence with Plaintiff.  Walmart's counsel sent another email the same day asking for "a

18  concrete timeline" when responses would be served and Walmart gave Plaintiff 10 more days to

19  respond or else motion to compel proceedings would be filed.  **Exhibit C**.  Again Plaintiff made no

20  response.  Kleiner Decl. ¶ 5.

21      In accordance with the Court's chamber rules, on January 16, 2019, Walmart's counsel called

22  Plaintiff's counsel and left a message indicating he had to return this call or else the Court would be

23  contacted to request the Court intervention as a predicate to a motion to compel Plaintiff's late

24  responses.  Kleiner Decl. ¶ 6.  Plaintiff's counsel did not return this call.  Kleiner Decl. ¶ 6.

25      On January 22, 2019 Walmart's counsel contacted the Court's clerk and explained the inability

26  to meet and confer with Plaintiff about her failure to respond to written discovery.  Kleiner Decl. ¶ 7.

27  The Clerk instructed Walmart's counsel to reach out to Plaintiff's counsel one more time and invite

28  him to pick a time when all parties could participate on a conference call to potentially resolve this

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ● FAX 619-849-4950

1   issue.  Kleiner Decl. ¶ 7.  Following this call with the Clerk, Walmart's counsel called Plaintiff's

2   counsel and relayed this message but Plaintiff's counsel never responded.  Kleiner Decl. ¶ 7.  On

3   January 24, 2019, Walmart's counsel called the Court and explained that Plaintiff's counsel had failed

4   to respond to a message requesting him to join a conference call with the Clerk.  Thereafter, the Court

5   set a briefing schedule for this instant motion.  Kleiner Decl. ¶ 7.

## III.   ARGUMENT

7           Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an

8   order compelling production of documents requested under Rule 34 and answers to interrogatories

9   propounded under Rule 33.  "Parties may obtain discovery regarding any non-privileged matter that is

10  relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be

11  admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

12  admissible evidence." *Id.*

### A.      Plaintiff Should Be Compelled to Respond to Walmart's Special Interrogatories

15          To date, Walmart has no clear description of how the incident occurred, where it occurred,

16  what Plaintiff's damages are, how and what kinds of treatment she received, other than what the

17  Complaint alleges.  Plaintiff served no Initial Disclosure Statement, only a few documents related to

18  some of Plaintiff's counseling; nothing else.  Kleiner Decl. ¶ 8.  Due to Plaintiff's failure to adhere to

19  Rule 26(a)(1)(A-D), Walmart propounded a set of Special Interrogatories to discover this information

20  in October of last year.  *See* **Exhibit D**.  Plaintiff did not respond and therefore Plaintiff should be

21  compelled to respond, without objections (other than privilege).

22          Federal Rule of Civil Procedure 33(b)(2) provides that answers to interrogatories shall be

23  served within 30 days after service of the interrogatories, potentially subject to a three-day extension

24  under Federal Rule of Civil Procedure 6(d) for service by mail.  The courts have enforced this Rule

25  fairly strictly, often holding that potential objections are waived if not timely lodged.  *See In Apple*

26  *Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012), [a party had

27  responded to interrogatories within the 30 days permitted by Rule 33.  After the expiration of those 30

28  days, and without having received an extension of time by stipulation or by an order of the court, the

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1  party asserted new objections.  Courts have held that by not asserting those objections within the first

2  30 days, the responding party has waived its right to assert them.]  *See also Cargill, Inc. v. Ron Burge*

3  *Trucking, Inc.*, 284 F.R.D. 421, 82 Fed. R. Serv. 3d 728 (D. Minn. 2012) [objections waived after

4  failure to timely respond or object to interrogatories]; *Erie Ins. Property & Cas. Co. v. Johnson*, 272

5  F.R.D. 177, 184 (S.D. W. Va. 2010) ("the undersigned finds that no good cause exists to excuse Erie's

6  failure to timely object, and that Erie's objections are therefore waived"); *Cardenas v. Dorel Juvenile*

7  *Group, Inc.*, 231 F.R.D. 616, 618, 63 Fed. R. Serv. 3d 423 (D. Kan. 2005) (party waived attorney-

8  client privilege and work product objections by failing to assert these privilege-based objections in

9  initial interrogatory responses); *Riley v. Walgreen Co.*, 233 F.R.D. 496, 500, 63 Fed. R. Serv. 3d 999

10  (S.D. Tex. 2005) (party's failure to properly calendar deadline for interrogatory responses did not

11  constitute "good cause" for failing to assert timely objections under Rule 33(b)(4)); *Safeco Ins. Co. of*

12  *America v. Rawstrom*, 183 F.R.D. 668, 44 Fed. R. Serv. 3d 286 (C.D. Cal. 1998) (holding that party

13  waived objections by not asserting them within the 30 days permitted by Rule 33, noting that if Rule

14  33 were construed to permit the assertion of new objections in such circumstances, parties would be

15  able to raise objections serially, which would be inconsistent with the policy of the Federal Rules that

16  discovery be conducted swiftly and efficiently).

17         There is no disputing that the interrogatories propounded on Plaintiff seek relevant

18  information.  Further, if there was a dispute Plaintiff waived the chance to object.  Indeed, there has

19  been no response in over two months.  There is no justifiable excuse for failing to respond and

20  therefore, having waived her right to object, Plaintiff should be compelled to serve responses to

21  Walmart's Special Interrogatories, Set One.

22         **B.    Plaintiff Should Be Compelled to Produce All Non-Privileged Documents**

23                 **Requested by Walmart**

24         Like above, Walmart seeks relevant documents from Plaintiff.  Walmart's Request for

25  Production of Documents, Set One only requested 10 categories of documents, all of which seek

26  information related to where the incident occurred and how, and documents pertaining to Plaintiff's

27  damages.  See **Exhibit E.**  Clearly these documents are relevant because they pertain to either of

28  Plaintiffs claims and damages, and/or Walmart's defenses.  Therefore, under Rule 26(b)(1) these

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1  documents should be produced.

2      Importantly, any party served with a request for production "must respond in writing within

3  thirty days after being served." Fed. R. Civ. P. 34(b)(2)(A). "It is well established that a failure to

4  object to discovery requests within the time required constitutes a waiver of any objection." *Richmark*

5  *Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). A privilege, however, is

6  not waived "per se" if a party fails to assert the privilege in its initial response. *Burlington N. & Santa*

7  *Fe Ry. Co. v. D. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). "Although Rule 34 does not contain

8  an express provision that untimely objections are waived, the courts have interpreted the rule

9  regarding waiver consistent with Rule 33." *Liguori v. Hansen*, 2012 WL 760747, at *11 (D. Nev.

10  Mar. 6, 2012) (internal quotation and citation omitted); see Fed. R. Civ. P. 33(b)(4) ("Any ground not

11  stated in a timely objection is waived unless the court, for good cause, excuses the failure.") Plaintiffs

12  failure to respond or meet and confer at all  has resulted in the waiver of any objection (other than

13  privilege) she might have made to these records being produced.  Accordingly, Plaintiff must be

14  compelled to produce all non-privileged responsive documents to Walmart's Request for Production of

15  Documents, Set One.

16  **IV.    WALMART INC.'S REQUEST FOR REASONABLE EXPENSES**

17      A party who prevails on a motion to compel is entitled to expenses, including reasonable

18  attorney's fees, unless the losing party was substantially justified in making or opposing the

19  motion. Fed. R. Civ. P. 37(a).  The expenses may be awarded against either the client or the

20  attorney depending upon their level of involvement.  Fed. R. Civ. P. 37(a)(4); *Carlucci v. Piper*

21  *Aircraft Corp., Inc.*, 775 F.2d 1440, 1446-1447 (11th Cir. 1985).

22      Plaintiff is without justification for failing to respond to Walmart's written discovery.

23  Plaintiff's counsel failed to respond to multiple attempts to meet and confer necessitating this

24  motion.  Walmart respectfully requests that the Court enter an order sanctioning Plaintiff and/or

25  her counsel in the amount of $1,522.50. See Kleiner Decl. ¶ 9.

26  **V.    CONCLUSION**

27      For the reasons stated above, Walmart respectfully requests that the Court enter an order

28  compelling (i) Plaintiff Fnu Saleha to serve verified responses without objection to Walmart's

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1    Special Interrogatories, Set One; (ii) Plaintiff Fnu Saleha produce all non-privileged documents

2    responsive to Walmart's Request for Production of Documents, Set One; and (iii) Plaintiff and/or

3    her counsel pay sanctions to Walmart in the amount of $1,522.50.

4    DATED:  January 31ST, 2019                    WOOD, SMITH, HENNING & BERMAN LLP

5

6                                                 By:        /s/ Andrew B. Kleiner

7                                                            KEVIN D. SMITH
                                                            PETER J. BURFENING JR.
8                                                            ANDREW B. KLEINER
                                                 Attorneys for Defendant WALMART INC., erroneously
9                                                sued as WAL-MART STORES, INC.; WAL-MART
                                                 STORE #2479; SAN DIEGO WALMART
10                                               SUPERCENTER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## PROOF OF SERVICE

I am employed in the County of Maricopa, State of Arizona.  I am over the age of eighteen years and not a party to the within action.  My business address is Wood, Smith, Henning & Berman, LLP, 2525 E. Camelback  Road, Suite 450, Phoenix, Arizona  85016.

On January 31, 2019, I served the following document(s) described as **DEFENDANT WALMART INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFF FNU SALEHA'S RESPONSES TO WRITTEN DISCOVERY** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 31, 2019, at Phoenix, Arizona.

*Karen Kaller*

Karen Kaller

**SERVICE LIST**
**Saleha v. Tristar Products**
**3:18-cv-00897-CAB-BLM**

Joshua D. Mackenroth, Esq.
Law Office of Joshua Mackenroth
600 W Broadway
Suite 700
San Diego, CA 92101-3370
Tel: (619) 516-8180/Fax: (888) 503-0665
Email: joshuamackenroth@justice.com
**Attorneys for Plaintiffs, FNU SALEHA and**
**MUHAMMAD WALI**

## DECLARATION OF ANDREW B. KLEINER

I, Andrew B. Kleiner, declare as follows:

1.      I am an attorney at law duly admitted to practice before the courts of the State of California.  I am Senior Counsel with WOOD, SMITH, HENNING & BERMAN LLP, attorneys of record for Defendant WALMART INC., erroneously sued as WAL-MART STORES, INC.; WAL-MART STORE #2479; SAN DIEGO WALMART SUPERCENTER.  I know the following facts to be true of my own knowledge, and if called to testify, I could competently do so.

2.      Walmart served Special Interrogatories, Set one and Request for Production of Documents, Set One on Plaintiff on October 10, 2018, seeking relevant and discoverable information relating to the incident that is the subject of this action, her treatment, and discoverable documents related thereto.  Plaintiff's responses were due on November 13, 2018—to date no responses have been served despite repeated attempts to meet and confer and/or attempts to obtain responses and documents.

3.      I have tirelessly tried to meet and confer with Plaintiff's counsel, albeit unsuccessfully.  On December 17, 2018 I sent an email to Plaintiff's counsel informing him that his client's responses were tardy and that failure to respond resulted in the waiver of any objections she might have raised in response.  Attached hereto as Exhibit A is a true and correct copy of that correspondence.

4.      Attached hereto as Exhibit B is a true and correct copy of Plaintiff's counsel's December 18, 2018 response.

5.      When Plaintiff's new discovery deadline, January 4, 2019, arrived, there had been no other correspondence with Plaintiff.  I sent another email the same day asking for "a concrete timeline" when responses would be served and gave Plaintiff 10 more days to respond or else a motion to compel proceedings would be filed.  Again Plaintiff made no response.  Attached hereto as Exhibit C is a true and correct copy of my January 4, 2019 email to Plaintiff's counsel.

6.      In accordance with the Court's chamber rules, on January 16, 2019, I called Plaintiff's counsel and left a message indicating he had to return this call or else the Court would

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1  be contacted to request the Court's intervention as a predicate to a motion to compel Plaintiff's late

2  responses. Plaintiff's counsel did not return this message.

3         7.      On January 22, 2019, I contacted the Court's clerk and explained the inability to

4  meet and confer with Plaintiff about her failure to respond to written discovery.  The Clerk

5  instructed me to reach out to Plaintiff's counsel one more time and invite him to pick a time when

6  all parties and the Clerk could participate on a conference call to potentially resolve this issue.

7  Following this call with the Clerk, I called Plaintiff's counsel and relayed this message but

8  Plaintiff's counsel never responded.  On January 24, 2019, I called the Court and explained that

9  Plaintiff's counsel had failed to respond to my attempt to get counsel to join a conference call with

10  the Clerk.  Thereafter, the Court set a briefing schedule for this instant motion.

11         8.      To date, Walmart has no clear description of how the incident occurred, where it

12  occurred, what Plaintiff's damages are, how and what kinds of treatment she received, other than

13  what the Complaint alleges.  Plaintiff served no Initial Disclosure Statement, only a few

14  documents related to some of Plaintiff's counseling; nothing else.

15         9.      Walmart respectfully requests that the Court enter an order sanctioning Plaintiff

16  and/or her counsel in the amount of $1,435.00.  My hourly rate on this matter is $175 per hour.  I

17  spent 2.20 hours attempting to meet and confer with Plaintiff's counsel, including drafting

18  correspondence, leaving messages and communicating with the Court.  Separately, I spent 5 hours

19  preparing this motion and the supporting documents.  If any opposition is made by Plaintiff, I will

20  incur another 1.5 hours to read and respond.  In total, I will have spent 8.7 hours for a total of

21  $1,522.50 that should be awarded to Walmart as a sanction against Plaintiff and/or her counsel.

22        I declare under penalty of perjury under the laws of the United States of America that the

23  foregoing is true and correct.

24        Executed January 31, 2019, at San Diego, California.

26                   /s/ Andrew B. Kleiner
                 Andrew B. Kleiner

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

EXHIBIT A

# EXHIBIT A

| | |
|---|---|
| **From:** | Andrew B. Kleiner |
| **Sent:** | Monday, December 17, 2018 9:28 PM |
| **To:** | 'Joshua M'; 'joshuamackenroth@justice.com' |
| **Cc:** | Karen A. Kaller |
| **Subject:** | Saleha v. Walmart--Meet and Confer |

Mr. Mackenroth,

   I have not seen or heard from you since July 2018.  I am not sure what is going on but you have blown several court mandated deadlines that negatively affect your client's claims.  Notwithstanding, the subject of this email is to initiate the meet and confer process re your client's responses to written discovery propounded by Walmart.  On 10/10/18, Walmart propounded Special Interrogatories and Requests for Production of Documents to your clients.  Their verified responses were due on November 14, 2018.  You never responded, nor asked for an extension, nothing.

   Federal Rule of Civil Procedure 33(b)(2) provides that answers shall be served within 30 days after service of the interrogatories, potentially subject to a three-day extension under Federal Rule of Civil Procedure 6(d) for service by mail. The courts have enforced this Rule fairly **strictly**, often holding that potential objections are waived if not timely lodged.  (See *In Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012), [a party had responded to interrogatories within the 30 days permitted by Rule 33. After the expiration of those 30 days, and without having received an extension of time by stipulation or by an order of the court, the party asserted new objections. The court held that by not asserting those objections within the first 30 days, the responding party had waived its right to assert them.]  See also *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 82 Fed. R. Serv. 3d 728 (D. Minn. 2012) [objections waived after failure to timely respond or object to interrogatories]; *Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 184 (S.D. W. Va. 2010) ("the undersigned finds that no good cause exists to excuse Erie's failure to timely object, and that Erie's objections are therefore waived"); *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 618, 63 Fed. R. Serv. 3d 423 (D. Kan. 2005) (party waived attorney-client privilege and work product objections by failing to assert these privilege-based objections in initial interrogatory responses); *Riley v. Walgreen Co.*, 233 F.R.D. 496, 500, 63 Fed. R. Serv. 3d 999 (S.D. Tex. 2005) (party's failure to properly calendar deadline for interrogatory responses did not constitute "good cause" for failing to assert timely objections under Rule 33(b)(4)); *Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 44 Fed. R. Serv. 3d 286 (C.D. Cal. 1998) (holding that party waived objections by not asserting them within the 30 days permitted by Rule 33, noting that if Rule 33 were construed to permit the assertion of new objections in such circumstances, parties would be able to raise objections serially, which would be inconsistent with the policy of the Federal Rules that discovery be conducted swiftly and efficiently).

   If a party needs additional time to respond, it is important to secure an extension, **as failure to make a "timely" objection to interrogatories typically waives the objection**. Federal Rule of Civil Procedure 33(b)(4) states: "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." The lawyer simply cannot ignore the deadline for responding or assume an enlargement of time to respond will be allowed by the court or agreed to by opposing counsel.  See, e.g., *Osborn v. Bartos*, 2010 WL 3809847, at *4-5, 11 (D. Ariz. 2010) ("Defendants offer, at best, carelessness, and at worst impudence, in failing to timely respond. They offer nothing not wholly within their control as justification for their delay. The Court does not find good cause to excuse the delinquent responses to interrogatories."; finding objections waived).

1

Based on our review of your written responses and our consideration of your objections, we request that if we don't have verified responses, free of objections, no later than <u>January 4, 2019.</u> If we have to move to compel their responses, we will seek sanctions for our efforts to compel those responses.

I invite you to call me to complete the meet and confer process, but your failure to respond cannot be cured.

**Andrew B. Kleiner**
Senior Associate | Wood, Smith, Henning & Berman LLP
2525 E. Camelback Road, Suite 450 | Phoenix, AZ 85016
AKleiner@wshblaw.com | **T** (602) 441-1319 | **M** (619) 964-6986



CALIFORNIA ● NEVADA ● ARIZONA ● COLORADO ● WASHINGTON ● OREGON ● NEW JERSEY ● CONNECTICUT ● PENNSYLVANIA ● GEORGIA ● ILLINOIS ● NEW YORK ● FLORIDA ● TEXAS

CONFIDENTIALITY NOTICE: This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you receive this transmission in error, please notify the sender by reply email and delete this message and any attachments.

EXHIBIT B

# EXHIBIT B

**Andrew B. Kleiner**

| | |
|---|---|
| **From:** | Joshua M <sdlawyerhelp@gmail.com> |
| **Sent:** | Tuesday, December 18, 2018 4:06 PM |
| **To:** | Andrew B. Kleiner |
| **Subject:** | Re: Saleha v. Walmart--Meet and Confer |

Andrew,

I realize I am tardy in these responses, I have had multiple unanticipated events take place that have set me behind on several cases I have. I will be working straight through the Christmas holiday to catch up on these matters. I apologize for the difficulties and frustration this has caused.

Joshua D. Mackenroth, Esq.

<http:///sdlawyerhelp.com>

This communication is intended only for the use of the individual(s) or entities to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law*. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.* If you have received this communication in error, no waiver of any applicable privilege is intended thereby. Please notify us immediately of any erroneous

1

communication by return email and delete the original and all copies. Thank
you.

 Virus-free. www.avast.com

On Mon, Dec 17, 2018 at 8:28 PM Andrew B. Kleiner <AKleiner@wshblaw.com> wrote:

Mr. Mackenroth,

I have not seen or heard from you since July 2018. I am not sure what is going on but you have blown several court mandated deadlines that negatively affect your client's claims. Notwithstanding, the subject of this email is to initiate the meet and confer process re your client's responses to written discovery propounded by Walmart. On 10/10/18, Walmart propounded Special Interrogatories and Requests for Production of Documents to your clients. Their verified responses were due on November 14, 2018. You never responded, nor asked for an extension, nothing.

Federal Rule of Civil Procedure 33(b)(2) provides that answers shall be served within 30 days after service of the interrogatories, potentially subject to a three-day extension under Federal Rule of Civil Procedure 6(d) for service by mail. The courts have enforced this Rule fairly **strictly**, often holding that potential objections are waived if not timely lodged. (See *In Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012), [a party had responded to interrogatories within the 30 days permitted by Rule 33. After the expiration of those 30 days, and without having received an extension of time by stipulation or by an order of the court, the party asserted new objections. The court held that by not asserting those objections within the first 30 days, the responding party had waived its right to assert them.] See also *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 82 Fed. R. Serv. 3d 728 (D. Minn. 2012) [objections waived after failure to timely respond or object to interrogatories]; *Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 184 (S.D. W. Va. 2010) ("the undersigned finds that no good cause exists to excuse Erie's failure to timely object, and that Erie's objections are therefore waived"); *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 618, 63 Fed. R. Serv. 3d 423 (D. Kan. 2005) (party waived attorney-client privilege and work product objections by failing to assert these privilege-based objections in initial interrogatory responses); *Riley v. Walgreen Co.*, 233 F.R.D. 496, 500, 63 Fed. R. Serv. 3d 999 (S.D. Tex. 2005) (party's failure to properly calendar deadline for interrogatory responses did not constitute "good cause" for failing to assert timely objections under Rule 33(b)(4)); *Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 44 Fed. R. Serv. 3d 286 (C.D. Cal. 1998) (holding that party waived objections by not asserting them within the 30 days permitted by Rule 33, noting that if Rule 33 were construed to permit the assertion of new objections in such circumstances, parties would be able to raise objections serially, which would be inconsistent with the policy of the Federal Rules that discovery be conducted swiftly and efficiently).

2

If a party needs additional time to respond, it is important to secure an extension, **as failure to make a "timely" objection to interrogatories typically waives the objection**. Federal Rule of Civil Procedure 33(b)(4) states: "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." The lawyer simply cannot ignore the deadline for responding or assume an enlargement of time to respond will be allowed by the court or agreed to by opposing counsel. See, e.g., *Osborn v. Bartos*, 2010 WL 3809847, at *4-5, 11 (D. Ariz. 2010) ("Defendants offer, at best, carelessness, and at worst impudence, in failing to timely respond. They offer nothing not wholly within their control as justification for their delay. The Court does not find good cause to excuse the delinquent responses to interrogatories."; finding objections waived).

Based on the foregoing Plaintiffs have waived any objections and we will move to compel your client's responses if we don't have verified responses, free of objections, no later than **January 4, 2019.** If we have to move to compel their responses, we will seek sanctions for our efforts to compel those responses.

I invite you to call me to complete the meet and confer process, but your failure to respond cannot be cured.

**Andrew B. Kleiner**
Senior Associate | Wood, Smith, Henning & Berman LLP
2525 E. Camelback Road, Suite 450 | Phoenix, AZ 85016
AKleiner@wshblaw.com | **T** (602) 441-1319 | **M** (619) 964-6986



CALIFORNIA ● NEVADA ● ARIZONA ● COLORADO ● WASHINGTON ● OREGON ● NEW JERSEY ● CONNECTICUT ● PENNSYLVANIA ● GEORGIA ● ILLINOIS ●
NEW YORK ● FLORIDA ● TEXAS

CONFIDENTIALITY NOTICE: This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you receive this transmission in error, please notify the sender by reply email and delete this message and any attachments.

EXHIBIT C

# EXHIBIT C

**Andrew B. Kleiner**

| | |
|---|---|
| **From:** | Andrew B. Kleiner |
| **Sent:** | Friday, January 04, 2019 1:05 PM |
| **To:** | 'Joshua M' |
| **Cc:** | Karen A. Kaller |
| **Subject:** | RE: Saleha v. Walmart--Meet and Confer |

Joshua,

Today is the deadline I imposed to have your client's Reponses to written discovery. I understand you have had some obstacles or other issues going on, but I need a concrete timeline. I need responses within 10 days or I have to file a motion to compel the discovery at yours or your clients' expense. Please let me know when I can expect responses?

Also, I am finalizing my retention of an expert who would like to examine the Power Cooker to perform failure analysis on it. I will be issuing an inspection demand later this month. I will be requesting that it be shipped to my expert to maintain chain of custody, but more details will follow when I issue the demand; just a heads up.

Best,

**Andrew B. Kleiner**
Senior Counsel | Wood, Smith, Henning & Berman LLP
2525 E. Camelback Road, Suite 450 | Phoenix, AZ 85016
Akleiner@wshblaw.com | **T** (602) 441-1319 | **M** (619) 964-6986

CALIFORNIA • NEVADA • ARIZONA • COLORADO • WASHINGTON • OREGON • NEW JERSEY • CONNECTICUT • PENNSYLVANIA • GEORGIA • ILLINOIS • NEW YORK • FLORIDA • TEXAS

**From:** Joshua M [mailto:sdlawyerhelp@gmail.com]
**Sent:** Tuesday, December 18, 2018 4:06 PM
**To:** Andrew B. Kleiner
**Subject:** Re: Saleha v. Walmart--Meet and Confer

# Andrew,

1

I realize I am tardy in these responses, I have had multiple unanticipated events take place that have set me behind on several cases I have. I will be working straight through the Christmas holiday to catch up on these matters. I apologize for the difficulties and frustration this has caused.

Joshua D. Mackenroth, Esq.

<http:///sdlawyerhelp.com>

This communication is intended only for the use of the individual(s) or entities to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law*. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.* If you have received this communication in error, no waiver of any applicable privilege is intended thereby. Please notify us immediately of any erroneous communication by return email and delete the original and all copies. Thank you.

Virus-free. www.avast.com

On Mon, Dec 17, 2018 at 8:28 PM Andrew B. Kleiner <AKleiner@wshblaw.com> wrote:

Mr. Mackenroth,

2

I have not seen or heard from you since July 2018. I am not sure what is going on but you have blown several court mandated deadlines that negatively affect your client's claims. Notwithstanding, the subject of this email is to initiate the meet and confer process re your client's responses to written discovery propounded by Walmart. On 10/10/18, Walmart propounded Special Interrogatories and Requests for Production of Documents to your clients. Their verified responses were due on November 14, 2018. You never responded, nor asked for an extension, nothing.

Federal Rule of Civil Procedure 33(b)(2) provides that answers shall be served within 30 days after service of the interrogatories, potentially subject to a three-day extension under Federal Rule of Civil Procedure 6(d) for service by mail. The courts have enforced this Rule fairly **strictly**, often holding that potential objections are waived if not timely lodged. (See *In Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012), [a party had responded to interrogatories within the 30 days permitted by Rule 33. After the expiration of those 30 days, and without having received an extension of time by stipulation or by an order of the court, the party asserted new objections. The court held that by not asserting those objections within the first 30 days, the responding party had waived its right to assert them.]  See also *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 82 Fed. R. Serv. 3d 728 (D. Minn. 2012) [objections waived after failure to timely respond or object to interrogatories]; *Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 184 (S.D. W. Va. 2010) ("the undersigned finds that no good cause exists to excuse Erie's failure to timely object, and that Erie's objections are therefore waived"); *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 618, 63 Fed. R. Serv. 3d 423 (D. Kan. 2005) (party waived attorney-client privilege and work product objections by failing to assert these privilege-based objections in initial interrogatory responses); *Riley v. Walgreen Co.*, 233 F.R.D. 496, 500, 63 Fed. R. Serv. 3d 999 (S.D. Tex. 2005) (party's failure to properly calendar deadline for interrogatory responses did not constitute "good cause" for failing to assert timely objections under Rule 33(b)(4)); *Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 44 Fed. R. Serv. 3d 286 (C.D. Cal. 1998) (holding that party waived objections by not asserting them within the 30 days permitted by Rule 33, noting that if Rule 33 were construed to permit the assertion of new objections in such circumstances, parties would be able to raise objections serially, which would be inconsistent with the policy of the Federal Rules that discovery be conducted swiftly and efficiently).

If a party needs additional time to respond, it is important to secure an extension, **as failure to make a "timely" objection to interrogatories typically waives the objection**. Federal Rule of Civil Procedure 33(b)(4) states: "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." The lawyer simply cannot ignore the deadline for responding or assume an enlargement of time to respond will be allowed by the court or agreed to by opposing counsel. See, e.g., *Osborn v. Bartos*, 2010 WL 3809847, at *4-5, 11 (D. Ariz. 2010) ("Defendants offer, at best, carelessness, and at worst impudence, in failing to timely respond. They offer nothing not wholly within their control as justification for their delay. The Court does not find good cause to excuse the delinquent responses to interrogatories."; finding objections waived).

Based on the foregoing Plaintiffs have waived any objections and we will move to compel your client's responses if we don't have verified responses, free of objections, no later than **January 4, 2019.** If we have to move to compel their responses, we will seek sanctions for our efforts to compel those responses.

I invite you to call me to complete the meet and confer process, but your failure to respond cannot be cured.

**Andrew B. Kleiner**
Senior Associate | Wood, Smith, Henning & Berman LLP
2525 E. Camelback Road, Suite 450 | Phoenix, AZ 85016
AKleiner@wshblaw.com | **T** (602) 441-1319 | **M** (619) 964-6986

 WSHB WOOD SMITH HENNING BERMAN

**CALIFORNIA** ● **NEVADA** ● **ARIZONA** ● **COLORADO** ● **WASHINGTON** ● **OREGON** ● **NEW JERSEY** ● **CONNECTICUT** ● **PENNSYLVANIA** ● **GEORGIA** ● **ILLINOIS** ●
**NEW YORK** ● **FLORIDA** ● **TEXAS**

CONFIDENTIAL DISCLAIMER: This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you receive this transmission in error, please notify the sender by reply e-mail and delete this message and any attachments.

4

EXHIBIT D

# EXHIBIT D

1  Kevin D. Smith (State Bar No. 113633)
   ksmith@wshblaw.com
2  Peter J. Burfening Jr. (State Bar No. 199190)
   Pburfening@wshblaw.com
3  Andrew B. Kleiner (State Bar No. 276737)
   akleiner@wshblaw.com
4  **WOOD, SMITH, HENNING & BERMAN LLP**
   501 West Broadway, Suite 1200
5  San Diego, California 92101
   Phone: 619-849-4900 ♦ Fax: 619-849-4950
6
   Attorneys for Defendant WALMART, INC., erroneously sued as WAL-MART
7  STORES, INC.; WAL-MART STORE #2479; SAN DIEGO WALMART
   SUPERCENTER
8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11 FNU SALEHA and MUHAMMAD          Case No. 3:18-cv-00897-CAB-BLM
   WALI,
12                                  **WALMART INC.'S SPECIAL**
            Plaintiffs,             **INTERROGATORIES, SET ONE TO**
13                                  **PLAINTIFF FNU SALEHA**
        v.
14                                  Magistrate:  Hon. Linda Major
   TRISTAR PRODUCTS, INC.; WAL-     Trial Date:      2/24/20
15 MART STORES, INC.; WAL-MART
   STORE #2479, SAN DIEGO
16 WALMART SUPERCENTER; and
   DOES 1 through 50, inclusive,
17
            Defendants.
18

19

20 PROPOUNDING PARTY:        DEFENDANT WALMART INC.

21 RESPONDING PARTY:         PLAINTIFF FNU SALEHA

22 SET NO.:                  ONE

23      Defendant Walmart, Inc. requests that Plaintiff Fnu Saleha answer the following Special

24 Interrogatories, in writing and under oath, pursuant to *Federal Rules of Civil Procedure* Rule 33,

25 within thirty (30) days after service thereof.

26 / / /

27 / / /

28 / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

State all facts about how the INCIDENT occurred, including but not limited to what YOU were cooking, how long before the INCIDENT YOU started the Power Cooker, and what setting YOU selected. (For the purposes of these interrogatories, "YOU" and "YOURS" refer to Plaintiff Fnu Saleha. For the purposes of these interrogatories, "INCIDENT" refers to events related to the injuries YOU allegedly suffered while using the Power Cooker on or about November 22, 2015 that is the subject of this lawsuit.)

**SPECIAL INTERROGATORY NO. 2:**

State all facts about how YOU knew the Power Cooker was overheating as alleged in paragraph 13 of YOUR Complaint.

**SPECIAL INTERROGATORY NO. 3:**

State all facts about how YOU grabbed the Power Cooker and attempted to unplug it, as alleged in paragraph 13 of YOUR Complaint, including but not limited to identifying where the Power Cooker was located, what part of the Power Cooker YOU grabbed when YOU picked it up.

**SPECIAL INTERROGATORY NO. 4:**

State all facts about what part of the Power Cooker YOU were holding or touching when YOU were electrocuted.

**SPECIAL INTERROGATORY NO. 5:**

State all facts about what part of the Power Cooker YOU were holding or touching when YOU were burned.

**SPECIAL INTERROGATORY NO. 6:**

State all facts about YOUR experience in using small electrical kitchen appliances like the Power Cooker in the 5 years prior to INCIDENT.

**SPECIAL INTERROGATORY NO. 7:**

State whether YOU can read English.

**SPECIAL INTERROGATORY NO. 8:**

State whether YOU read any user manuals or warnings that accompanied the Power

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 • FAX 619-849-4950

1  Cooker when YOU purchased it.

2  **SPECIAL INTERROGATORY NO. 9:**

3      State the address where the INCIDENT occurred, including the name of any apartment

4  complex or community.

5  **SPECIAL INTERROGATORY NO. 10:**

6      State whether YOU still live in the same home, house, apartment, condo or residence

7  where the INCIDENT occurred.

8  **SPECIAL INTERROGATORY NO. 11:**

9      Describe with particularity the room or kitchen where YOU were using the Power Cooker

10  before the INCIDENT occurred, including but not limited to, the size, dimensions, layout, number

11  of electrical outlets, appliances, etc.

12  **SPECIAL INTERROGATORY NO. 12:**

13      State whether the malfunctioning Power Cooker caused any damage to YOUR residence

14  when the INCIDENT occurred.

15  **SPECIAL INTERROGATORY NO. 13:**

16      State whether YOU or YOUR landlord made any repairs in or to the room or kitchen

17  where the INCIDENT occurred at any time or for any reason following the INCIDENT.

18  **SPECIAL INTERROGATORY NO. 14:**

19      State the number of times YOU used the Power Cooker before the date of the INCIDENT.

20  **SPECIAL INTERROGATORY NO. 15:**

21      Please identify any and all , treaters, doctors, nurses, midwives, or other medical

22  professionals YOU have been seen by since YOU moved to the United States, including their

23  names, address, and telephone numbers.

24  **SPECIAL INTERROGATORY NO. 16:**

25      Identify every hospital or clinic or medical facility where YOU have been taken or

26  received treatment for the conditions or injuries YOU allege YOU have sustained as a result of the

27  INCIDENT since the date of the INCIDENT.

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

**SPECIAL INTERROGATORY NO. 17:**

Identify the date YOU were taken by ambulance or other emergency medical transport to a hospital for treatment for a panic attack or other condition related to the injuries YOU sustained as a result of the INCIDENT.

**SPECIAL INTERROGATORY NO. 18:**

Identify the name of the ambulance company that transported YOU to a hospital for treatment for a panic attack or other condition related to the injuries YOU sustained as a result of the INCIDENT.

**SPECIAL INTERROGATORY NO. 19:**

State all facts about any time in the last 10 years YOU have fallen and hit YOUR head and what treatment if any YOU received as a result, including where and from whom.

**SPECIAL INTERROGATORY NO. 20:**

State all facts about the "permanent personal injuries" YOU claims to have suffered as alleged in paragraph 29 of YOUR Complaint.

**SPECIAL INTERROGATORY NO. 21:**

State all facts about the how YOU will continue to suffer "loss of earnings and impairment of earning capacity" as alleged in paragraph 29 of YOUR Complaint.

**SPECIAL INTERROGATORY NO. 21:**

Identify all persons having knowledge or believed to have knowledge of the truth of the facts and averments set forth in the Complaint. With respect to each person identified, state concisely the facts that person is aware of, when and how the facts were obtained, and identify any document evidencing said person's knowledge.

**SPECIAL INTERROGATORY NO. 22:**

Identify all comments or discussions, written or oral, YOU have had with any person identified in Special Interrogatory No. 21.

**SPECIAL INTERROGATORY NO. 23:**

Since the INCIDENT state (a) the name and address of all persons who have had custody of the Power Cooker since the INCIDENT; (b) the name of the person(s) presently having custody

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1  of the product; (c) the present location of the product; and (d) the last date that the product was in

2  your possession.

3  **SPECIAL INTERROGATORY NO. 24:**

4          State whether the Power Cooker is currently in the same condition as immediately after the

5  INCIDENT. If not, fully describe the changes that have occurred, who made them, the reason for

6  such changes and the date they were made.

7

8  DATED:  October _10_, 2018          WOOD, SMITH, HENNING & BERMAN LLP

9

10                                              By: _____

11                                                   KEVIN D. SMITH
                                                     PETER J. BURFENING JR.
12                                                   ANDREW B. KLEINER
                                              Attorneys for Defendant WALMART, INC.,
13                                              erroneously sued as WAL-MART STORES, INC.;
                                              WAL-MART STORE #2479; SAN DIEGO
14                                              WALMART SUPERCENTER

15

16                              **PROOF OF SERVICE**

17          I am employed in the County of Maricopa, State of Arizona.  I am over the age of eighteen
    years and not a party to the within action.  My business address is 2525 E. Camelback Road, Suite
18  450, Phoenix, AZ 85016.

19          On October 10, 2018 I served the following document(s) described as **WALMART
    INC.'S SPECIAL INTERROGATORIES, SET ONE TO PLAINTIFF FNU SALEHA** on the
20  interested parties in this action as follows:

21                              **SEE ATTACHED SERVICE LIST**

22          I declare under penalty of perjury under the laws of the United States of America that the
    foregoing is true and correct and that I am employed in the office of a member of the bar of this
23  Court at whose direction the service was made.

24          Executed on October 10, 2018 at Phoenix, Arizona.

25

26                                              Karen Kaller

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1
2

**SERVICE LIST**
**Saleha v. Tristar Products**
**3:18-cv-00897-CAB-BLM**

3   Joshua D. Mackenroth, Esq.
    Law Office of Joshua Mackenroth
4   600 W Broadway
    Suite 700
5   San Diego, CA 92101-3370
    Tel: (619) 516-8180/Fax: (888) 503-0665
6   Email: joshuamackenroth@justice.com
    **Attorneys for Plaintiffs, FNU SALEHA and**
7   **MUHAMMAD WALI**

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

EXHIBIT E

# EXHIBIT E

Kevin D. Smith (State Bar No. 113633)
ksmith@wshblaw.com
Peter J. Burfening Jr. (State Bar No. 199190)
Pburfening@wshblaw.com
Andrew B. Kleiner (State Bar No. 276737)
akleiner@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
501 West Broadway, Suite 1200
San Diego, California 92101
Phone: 619-849-4900 ♦ Fax: 619-849-4950

Attorneys for Defendant WALMART, INC., erroneously sued as WAL-MART STORES, INC.; WAL-MART STORE #2479; SAN DIEGO WALMART SUPERCENTER

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FNU SALEHA and MUHAMMAD WALI,<br><br>                Plaintiffs,<br><br>        v.<br><br>TRISTAR PRODUCTS, INC.; WAL-MART STORES, INC.; WAL-MART STORE #2479, SAN DIEGO WALMART SUPERCENTER; and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No. 3:18-cv-00897-CAB-BLM<br><br>**WALMART INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF FNU SALEHA**<br><br>Magistrate:   Hon. Linda Major<br>Trial Date:       2/24/20 |

PROPOUNDING PARTY:        DEFENDANT WALMART INC.

RESPONDING PARTY:        PLAINTIFF FNU SALEHA

SET NO.:                ONE

        Defendant Walmart, Inc. ("WALMART") requests that Plaintiff Fnu Saleha answer the following Request for Production of Documents, in writing and under oath, pursuant to *Federal Rules of Civil Procedure* Rule 34, within thirty (30) days after service thereof.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

        Please produce any photographs depicting the room or kitchen where the INCIDENT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1  occurred.  (For the purposes of these Requests for Production of Documents, "INCIDENT"  refers

2  to events related to the injuries YOU allegedly suffered while using the Power Cooker on or about

3  November 22, 2015 that is the subject of this lawsuit.)

4  **REQUEST FOR PRODUCTION NO. 2:**

5      Please produce any photographs of any damage to YOUR residence when the INCIDENT

6  occurred.

7  **REQUEST FOR PRODUCTION NO. 3:**

8      Please produce any documents showing, related to, or evidencing any repairs in or to the

9  room or kitchen where the INCIDENT occurred at any time or for any reason following the

10 INCIDENT.

11 **REQUEST FOR PRODUCTION NO. 4:**

12     Please produce any photographs depicting any injuries or scars YOU alleged to have

13 suffered as a result of the INCIDENT.

14 **REQUEST FOR PRODUCTION NO. 5:**

15     Please produce any documents supporting YOUR description of  how the INCIDENT

16 occurred, including but not limited to what YOU were cooking, how long before the INCIDENT

17 YOU started the Power Cooker, and what setting YOU selected.

18 **REQUEST FOR PRODUCTION NO. 6:**

19     Please produce any letters, emails, text messages, instant messages, social media posts,

20 diary entries, calendar notes, journals or other written document that describes or memorializes

21 any details about the INCIDENT and how it happened.

22 **REQUEST FOR PRODUCTION NO. 7:**

23     Please produce any and all bills or invoices YOU have received for treatment related to

24 any injuries or conditions YOU allege are related to the INCIDENT.

25 **REQUEST FOR PRODUCTION NO. 8:**

26     Please produce any documents evidencing any payments YOU have made for treatment

27 related to any injuries or conditions YOU allege are related to the INCIDENT.

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any and all documents related to how YOU will continue to suffer "loss of earnings and impairment of earning capacity" as alleged in paragraph 29 of YOUR Complaint.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce any and all documents related to how YOU sustained "permanent personal injuries" YOU claim to have suffered as alleged in paragraph 29 of YOUR Complaint.

DATED:  October 10, 2018               WOOD, SMITH, HENNING & BERMAN LLP

                                       By: _____
                                           KEVIN D. SMITH
                                           PETER J. BURFENING JR.
                                           ANDREW B. KLEINER
                                       Attorneys for Defendant WALMART, INC.,
                                       erroneously sued as WAL-MART STORES, INC.;
                                       WAL-MART STORE #2479; SAN DIEGO
                                       WALMART SUPERCENTER

### PROOF OF SERVICE

I am employed in the County of Maricopa, State of Arizona.  I am over the age of eighteen years and not a party to the within action.  My business address is 2525 E. Camelback Road, Suite 450, Phoenix, AZ 85016.

On October 10, 2018 I served the following document(s) described as **WALMART INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF FNU SALEHA** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 10, 2018 at Phoenix, Arizona.

_____
Karen Kaller

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY ♦ SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1

**SERVICE LIST**
**Saleha v. Tristar Products**
2
**3:18-cv-00897-CAB-BLM**

3
Joshua D. Mackenroth, Esq.
Law Office of Joshua Mackenroth
4
600 W Broadway
Suite 700
5
San Diego, CA 92101-3370
Tel: (619) 516-8180/Fax: (888) 503-0665
6
Email: joshuamackenroth@justice.com
**Attorneys for Plaintiffs, FNU SALEHA**
7
**and MUHAMMAD WALI**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ● FAX 619-849-4950