UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FNU SALEHA and MUHAMMAD WALI,<br><br>Plaintiffs,<br><br>v.<br><br>TRISTAR PRODUCTS, INC.; WAL-MART STORES, INC.; WAL-MART STORE #2479, SAN DIEGO WALMART SUPERCENTER; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No.: 18cv897-CAB(BLM)<br><br>**ORDER GRANTING DEFENDANT WAL-MART STORES, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES AND REQUEST FOR SANCTIONS**<br><br>**[ECF Nos. 13, 14]** |

Currently before the Court is Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") January 31, 2019 Motion to Compel Written Discovery Responses. ECF No. 13 ("MTC"). Plaintiffs did not oppose or otherwise respond to Wal-Mart's motion. See Dkt. For the reasons set forth below, Wal-Mart's Motion is **GRANTED**.

## **BACKGROUND**

The instant matter was initiated on November 21, 2017 when Plaintiffs sued Wal-Mart in the Superior Court of California for strict liability, negligence, loss of consortium, and breach of express and implied warranties. ECF No. 1-2 at 8. The case was removed to Federal Court on May 9, 2018. ECF No. 1. Plaintiffs are seeking compensatory damages for injuries allegedly caused by a Power Cooker, which they purchased from a Wal-Mart store in August 2015. ECF No. 1-2 at 11.

On June 21, 2018, the Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings, which required the parties to file a Joint Motion for Protective Order by July 3, 2018. ECF No. 9 at 2. On July 2, 2018, Wal-Mart filed a unilateral Motion for Protective Order, citing several failed attempts to meet and confer with Plaintiffs' counsel prior to filing the Motion. ECF No. 10 at 1–2. Wal-Mart represented that Plaintiffs' counsel had nearly one month to review the Protective Order but failed to do so. Id. 10 at 2. On July 12, 2018, the Court granted Wal-Mart's Motion for Protective Order. ECF No. 11.

On October 10, 2018, Wal-Mart served Plaintiff Fnu Saleha with Special Interrogatories, Set One and Requests for Production of Documents, Set One. MTC at 2, 9, Ex. D, Ex. E. Plaintiff Saleha's responses were due on November 13, 2018. Id. at 2, 9. "[D]espite repeated attempts" by Defense counsel, Andrew Kleiner, to obtain responses to the discovery and to meet and confer with Plaintiffs' counsel, Joshua Mackenroth, Plaintiff Saleha never responded to the discovery requests. Id. at 2, 9; see also Ex. A.

On December 17, 2018, Mr. Kleiner emailed Mr. Mackenroth, "informing him that his client's responses were tardy and that failure to respond [had] resulted in the waiver of any objections [Plaintiff Saleha] might have raised in response." Id. at 2, 9, Ex. A. In the same email, Mr. Kleiner requested that the responses be produced by January 4, 2019 and advised that he would move to compel said responses and seek sanctions if Plaintiff failed to meet this deadline. Id. On December 18, 2018, Mr. Mackenroth responded to Mr. Kleiner's email, apologizing for his tardy responses and stating that "multiple unanticipated events" caused him to fall "behind in several cases." Id. at 2, Ex. B. Mr. Mackenroth further explained that he would be working through the holidays to catch up on various matters. Id. When Mr. Mackenroth did not respond by the January 4, 2019 deadline, Mr. Kleiner sent another email stating he "need[ed] responses within 10 days or [he would] have to file a motion to compel discovery" at Plaintiffs' expense. Id. at 9, Ex. C. Mr. Kleiner did not respond to this email. Id. at 2, 9.

On January 16, 2019, Mr. Kleiner called Mr. Mackenroth and left a voicemail indicating that he would contact the Court if Mr. Mackenroth did not return his call; Mr. Mackenroth did not return the call. Id. at 2, 9–10. On January 22, 2019, Mr. Kleiner called Chambers requesting

2

to file a Motion to Compel Written Discovery. Id. MTC at 2, 9–10. The Court instructed Mr. Kleiner to contact Mr. Mackenroth and call back with a date for a telephonic conference with the Court. Id. at 2–3, 10; see also ECF No. 12 at 1. Mr. Kleiner states that he called Mr. Mackenroth that same day, but received no response. MTC at 3, 10. On January 24, 2019, Mr. Kleiner called Chambers again and explained that he was unable to reach Mr. Mackenroth. Id.

On January 25, 2019, the Court issued an Order setting a briefing schedule for Wal-Mart's Motion to Compel Responses to Written Discovery, and Wal-Mart timely filed its Motion on January 31, 2019. See MTC; ECF No. 12 at 2. Plaintiff Saleha failed to file her Opposition by the February 7, 2019 deadline and on February 11, 2019, Wal-Mart filed a Notice of Non-Opposition by Plaintiffs, requesting the Court grant Wal-Mart's Motion and order Plaintiff Saleha, or Plaintiffs' counsel, to pay sanctions. ECF No. 14 at 1–2. To date, Plaintiff Saleha has failed to file any response to Wal-Mart's Motion to Compel. See Dkt.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery in order to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

Parties are required to respond to interrogatories to the fullest extent possible in writing and under oath. Fed. R. Civ. P. 33(b)(3). Answers and objections must be served within thirty (30) days of being served with interrogatories, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(2) and (b)(4). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). The responding party is responsible for all items in the "responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A party who has been served with a request for documents must respond in writing within thirty (30) days of being served with the request. Fed. R. Civ. P. 34(b)(2)(A). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Though Rule 34 does not expressly state that an untimely objection is waived, "[i]t is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.), cert. dismissed, 506 U.S. 948 (1992) (discussed in the context of Rule 33 and 34 discovery requests).

Pursuant to Federal Rule of Civil Procedure 37(a)(3), a party propounding discovery under Rules 33 and 34 may move for an order compelling answers and production of documents, and may seek appropriate sanctions. If the motion to compel is granted, the Court may order the nonmoving party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Sanctions may be ordered against the nonmoving party, or the nonmoving party's counsel, unless the nondisclosure of discovery was substantially justified. Fed. R. Civ. P. 37(a)(5)(ii).

## **DISCUSSION**

Wal-Mart seeks an order from the Court compelling Plaintiff Saleha to respond to Wal-Mart's written discovery, including Interrogatories, Set One and Requests for Production of Documents, Set One. MTC at 1, 5–6. Wal-Mart also requests an Order compelling Plaintiff or her counsel to pay sanctions for the costs incurred in filing its Motion. Id. at 5–6. As stated

4

above, Plaintiff did not file an opposition to Wal-Mart's Motion. See Dkt.

Given the procedural history set forth above, the Court is confident that Mr. Mackenroth received the requests for discovery, was aware of Plaintiff Saleha's obligation to respond to those requests, and knowingly failed to do so. On December 18, 2018, Mr. Mackenroth responded to Mr. Kleiner's discovery email, noting that "several unanticipated events" caused him to fall behind in several cases and advising that he "would be working through the holidays" to catch up and provide responses. MTC at 2. Mr. Mackenroth failed to comply with the January 4, 2019 deadline, failed to respond to any of Mr. Kleiner's subsequent efforts to meet and confer, failed to comply with the additional extensions provided by Mr. Kleiner, and failed to comply with this Court's order to respond to Wal-Mart's motion.

By failing to respond or object to Wal-Mart's discovery requests, Plaintiff has waived all objections to the Interrogatories and Requests for Production served by Wal-Mart. See Fed. R. Civ. P 33(b)(4) and 34; see also Browning v. Lilien, 2016 WL 4917115, at *5 (S.D. Cal. Sept. 15, 2016). The Court also finds Mr. Mackenroth's repeated failures to meet and confer and to respond to discovery requests have prejudiced Wal-Mart and are hindering the Court's efforts to move this case towards trial readiness. See, e.g., CivLR 16.1(b) ("All counsel and parties . . . must proceed with diligence to take all steps necessary to bring an action to readiness for trial."); Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir.1987) (in determining an appropriate sanction under Federal Rule of Civil Procedure 37(b), a Court should consider five factors, including: "the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; [and] (3) the risk of prejudice to the part seeking sanctions . . . .")). The Court has reviewed the Special Interrogatories and Requests for Production of Documents at issue and finds that the requests are relevant to Plaintiffs' claims against Wal-Mart. See MTC at Exs. D, E. Accordingly, Wal-Mart's Motion to Compel is **GRANTED**. Plaintiff is **ORDERED** to serve responses, without objections, to Wal-Mart's Interrogatories, Set One and Requests for Production of Documents, Set One on or before **March 11, 2019**. In addition, the Court finds reasonable the expenses incurred by Mr. Kleiner in filing the Motion to Compel and therefore,

**ORDERS** Plaintiffs' counsel, Joshua Mackenroth, to pay $1,435.00[1] in sanctions to Defendant Wal-Mart Stores, Inc. by **March 18, 2019** and file with the Court a Notice of Payment of Sanctions by **March 25, 2019**.

Plaintiffs and Plaintiffs' counsel are warned that failure to comply with this Order may result in the imposition of further sanctions, including the dismissal of Plaintiffs' case. See Fed. R. Civ. P. 37(b)(2).

**IT IS SO ORDERED**.

Dated: 2/19/2019

Hon. Barbara L. Major
United States Magistrate Judge

---

[1] Though Wal-Mart's Motion to Compel seeks $1,522.50 in sanctions, Mr. Kleiner's declaration clarifies that the $1,522.50 figure included the review of (and response to) Plaintiff's Opposition, which was never filed. MTC at 10. Mr. Kleiner's declaration further states that the cost of preparing Wal-Mart's Motion to Compel, with no Opposition from Plaintiff, totaled $1,435.00. Id.

6

18cv897-CAB(BLM)